## No. 573

### DAVIS v. STATE

Ohio Appeals. 8th Dist. Cuyahoga Co.

No. 7308. Decided May 23, 1927.

291. CONSTITUTIONAL LAW—The provisions of 13145 GC., as to fortune tellers, is not unreasonable or arbitrary but is a proper exercise of police power and is a valid and enforcible enactment.

949. PRESUMPTION—Every presumption in favor of a law's validity will be resolved when its constitutionality is questioned, and this presumption continues until the contrary is shown beyond a reasonable doubt.

First Publication of this Opinion

SULLIVAN, PJ.

Gertrude Davis was convicted in the Cleveland Municipal Court, in a trial before a jury, of violating 13145 GC., which provides that whoever, not having been legally licensed so to do, represents himself to be a fortune teller, shall be fined not less than $25 nor more than $100 or imprisoned in jail not less than 30 days nor more than three months or both.

It is urged that 13145 GC. is in violation of Article 14, section 1 of the United States Constitutional Amendments and contravenes Art. I., Sec. 1 and 2 of the constitution of Ohio; that the statute is licensing in its nature and is only regulatory as being within the police power in the regulation of certain occupations by license; that the statute fails to provide the manner of method of a license and is therefore unreasonable and discriminatory.

The Court of Appeals in reviewing the case, held:—

1. The practice of fortune telling has been condemned universally because they result in the perpetration of fraud, which always results in either private or public injury. Hence,

the wisdom of the Legislature in passing laws of this nature to protect the unwary. There is nothing arbitrary and unreasonable in such provisions; but on the contrary they are self-preservative of public morals and safety, and are necessary to the well being of society.

2. The absence of a law for the granting of licenses eliminates the question of discrimination; and since Davis is "one not having been legally licensed," there is not unreasonableness existing.

3. Where the constitutionality of a law is involved, every possible presumption in favor of its validity will be resolved, and this presumption continues until the contrary is shown beyond a reasonable doubt. Marmet v. State, 45 OS. 64.

4. The record does not disclose any misconduct on part of the court, jury or prosecuting attorney, and with respect to the court, "The failure of a court to perform its statutory duty of admonishing the jury concerning their conduct while separated during the trial, does not constitute reversible error, where it is shown that the jury were in fact guilty of misconduct—etc." Warner v. State, 104 OS. 38; Parker v. State, 78 OS. 88.

Judgment therefore affirmed.

(Vickery & Levine, JJ., concur.)

Attornys—Joseph L. Stern for Davis; Carl F. Shuler and Leo Weil for State; all of Cleveland.

NOTE—Motion to certify allowed, 5 Abs. 419.